UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD PELTIER,

                Plaintiff,

v.                                                                        **DECISION AND ORDER**
                                                                      03-CV-905S

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.

      1.      This action involves Plaintiff Leonard Peltier's challenge to the sufficiency of Defendant Federal Bureau of Investigation's ("FBI") response to his request for release of records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). On March 31, 2005, this Court filed a Decision and Order granting in part and denying in part Defendant's Motion for Summary Judgment. See Peltier v. Fed. Bureau of Investigation, No. 03-CV-905, 2005 WL 735964 (W.D.N.Y. Mar. 31, 2005). Therein, this Court upheld a majority of Defendant's claimed exemptions, but determined that *in camera* review of certain classified documents was necessary in order to fully evaluate Defendant's national security exemptions. Familiarity with this Court's prior decision is presumed.

      2.      The only issue that remained after this Court's decision concerned Defendant's national security exemptions invoked pursuant to 5 U.S.C. § 552(b)(1) ("Exemption 1"). In the decision, this Court found that Defendant's Vaughn index as it related to the Exemption 1 exemptions was not sufficiently detailed under the Second Circuit's decision in Halpern v. Fed. Bureau of Investigation, 181 F.3d 279 (2d Cir. 1999). See Peltier, 2005 WL 735964, at *7-*11. This Court further found that *in camera* review

was required to enable this Court to properly evaluate Defendant's claimed exemptions. See id.

3.      On May 27, 2005, counsel appeared for a status conference, at which time it was determined that this case would proceed with Defendant submitting a supplemental classified Vaughn index with unredacted copies of documents 450, 453, 454 and 457-460 for *in camera*, *ex parte* review.

4.      On June 15, 2005, Defendant provided this Court with the Fourth Declaration of David M. Hardy (the supplemental Vaughn index) and unredacted copies of the pages at issue.[1]  Also, on June 15, 2005, Defendant filed a redacted copy of the Fourth Hardy Declaration.  In preparing this supplemental Vaughn index, Defendant renewed consultations with the involved foreign government and reexamined the need to protect the documents at issue.  (Fourth Hardy Decl., ¶ 6.[2])  This reexamination, however, did not cause Defendant to change its position that there remains a compelling need to continue to withhold this information pursuant to Exemption 1.  (Id.)

5.      This Court reviewed the supplemental Vaughn index and unredacted copies of the classified documents *in camera* on June 15, 2005.  Based on that review, this Court is satisfied that Defendant has now met the specificity requirements of Halpern and, as a substantive matter, has properly invoked Exemption 1 for information contained in

---

[1] The Fourth Hardy Declaration and the documents at issue were brought to this Court by a Classified Security Specialist from the U.S. Department of Justice.  This Court reviewed the declaration and the documents and immediately returned them to the Classified Security Specialist.  This Court did not retain possession of the documents at any time.

[2] All citations to the Fourth Hardy Declaration are to the redacted version filed at Docket No. 40.

documents 454 and 457-460.[3] Consequently, Defendant is entitled to summary judgment.

   6.  As explained in this Court's prior decision, Exemption 1 is the national security exemption. It exempts records implicating national security from FOIA's disclosure requirements provided they fall under an Executive Order requiring secrecy for purposes of national defense or foreign policy and are properly classified pursuant to that Executive Order. See 5 U.S.C. § 552(b)(1). Defendant is entitled to summary judgment on its Exemption 1 exemptions if it presents "itemized descriptions of the context out of which specific redactions were made," and if there is no contrary evidence in the record or establishment of bad faith. Halpern, 181 F.3d at 292, 294.

   7.  The Second Circuit has stated in detail what it requires of the Government's Vaughn index when it comes to justifying withholdings pursuant to Exemption 1:

> [T]he government, when it invokes Exemption 1, must submit itemized descriptions of the context out of which specific redactions are made. The government may find it useful and efficient to use symbols cross-referencing generalized justifications for certain types of redactions as well . . . but those generalized descriptions must accompany, and not substitute for, particularized descriptions of the context surrounding each of the individual redactions and/or documents.

Halpern, 181 F.3d at 294. The information contained in the Vaughn index must be specific enough to enable the district court to "review the agency's claimed redactions without having to pull the contextual information out of the redacted documents for itself." Id. at 294. Agency affidavits, including the Vaughn index, are presumed to have been made in

---

[3] In this Court's prior decision, it directed that documents 450, 453, 454 and 457-460 be provided for *in camera* review. See Peltier, 2005 WL 735964, at *7. However, as noted in the Fourth Hardy Declaration, Defendant now seeks to withhold only documents 454 and 457-460 pursuant to Exemption 1. (Fourth Hardy Decl., ¶ 5.)

good faith.  See Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).

8. This Court finds that Defendant has properly invoked Exemption 1.  In this Court's view, the unredacted supplemental Vaughn index includes particularized descriptions of the context in which redactions were made and explains, in a detailed, non-conclusory fashion, the need to continue to protect this information from public disclosure.  As discussed in this Court's prior decision, Plaintiff has not established the existence of bad faith or provided any evidence contradicting Defendant's claim that the release of these documents would endanger national security or would impair this country's relationship with a foreign government.  See Peltier, 2005 WL 735964, at *7-*8.[4]  Summary judgment in Defendant's favor is therefore warranted.  Halpern, 181 F.3d at 292, 294.

IT HEREBY IS ORDERED, that in conjunction with this Court's prior Decision and Order (Docket No. 35), Defendant's Motion for Summary Judgment (Docket No. 25) is GRANTED in its entirety.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   February 24, 2006
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[4]Plaintiff's other two challenges to Defendant's Exemption 1 exemptions – that Defendant sought to conceal past violations and avoid embarrassment and that Defendant failed to fully comply with the relevant Executive Order – were rejected by this Court in the prior decision.  See Peltier, 2005 WL 735964, at *7-*8.